# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CATHY WILCHER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner of )<br>Social Security, )<br>)<br>Defendant. ) | CAUSE NO. 1:07-CV-00262 |

## OPINION AND ORDER

Plaintiff Cathy Wilcher brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On July 14, 2008, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 20.)

Wilcher's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $6,779.10 for his representation of Wilcher in federal court.[1] (Docket # 28.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee will be reduced to $4,818.50.

### A. *Relevant Factual and Procedural Background*

On October 19, 2007, Shull and Wilcher entered into a contingent-fee agreement for

---

[1] The Commissioner has not filed a response to Wilcher's motion.

Shull's representation of Wilcher in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") Ex. B.) Under the agreement, Wilcher agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (Pl.'s Supp. Mem. Ex. B.)

On July 14, 2008, Wilcher received a favorable judgment from this Court, and her case was remanded to the Commissioner for further proceedings. (Docket # 20, 21.) Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 11.8 hours he spent advocating Wilcher's claim in federal court. (Docket # 22-27.) The Court awarded Shull $1,982.40 in EAJA fees.[3] (Docket # 27.)

Ultimately, the Commissioner awarded disability benefits to Wilcher, and as a result, she received at least $40,474 in back benefits.[4] (Pl.'s Supp. Mem. Ex. A.) On June 4, 2009, Shull filed the instant motion, seeking the Court's authorization of a payment of $6,779.10 in attorney fees from Wilcher to Shull pursuant to the contingent-fee agreement. (Docket # 28-29.)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Shull also states that Wilcher was represented at the administrative level by Attorney Soultana Myers, but does not provide the amount of the fee that Myers received for the representation pursuant to 42 U.S.C. § 406(a). (Pl.'s Supp. Mem. 2); s*ee Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

[4] Shull does not definitively identify the amount of back benefits that Wilcher received and as stated *supra*, he bears the burden of persuading the Court that his requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Wilcher's back benefits award, however, is at least $40,474 (that is, four times $10,118.50), since Shull attached a letter from the Commissioner explaining that it withheld $10,118.50 as "the balance of the 25 percent of the past-due benefits" due to Wilcher. (*See* Pl.'s Supp. Mem. Ex. A.) Therefore, the Court will use that amount for purposes of determining the reasonableness of Shull's fee request.

*B. Legal Standard*

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[5] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[6] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been

---

[5] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

### *C. Discussion*

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $6,779.10 pursuant to his contingent-fee agreement for the representation of Wilcher in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Wilcher's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $6,779.10, an amount less than twenty-five percent of the presumed $40,474 in past benefits awarded to Wilcher and thus an amount in compliance with the terms of the contingent-fee agreement between Shull and Wilcher. Shull

explains that an award of $6,779.10 is reasonable for the 11.8 hours he spent representing Wilcher in federal court, considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he achieved a good result for Wilcher; and (4) he provided Wilcher with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Pl.'s Supp. Mem. 8-12, Exs. C, D.)

Shull did indeed obtain a good result for Wilcher and undoubtedly provided her with quality representation. This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Pl.'s Supp. Mem. Ex. C (describing in detail Shull's professional experience in the area of social security law).)

Nonetheless, the requested amount of $6,779.10, when added to $5,300, the maximum amount that could have been awarded to Wilcher's counsel (Soultana Myers) by the Commissioner for representation during the administrative proceedings, *see Doucet v. Astrue*, No. 06-2002, 2007 WL 4321927, at *1 (W.D. La. Oct. 17, 2007) (citing 42 U.S.C. § 406(a)(2)(A)(ii)), exceeds twenty-five percent of $40,474, Wilcher's estimated past-due benefit award. *See* 42 U.S.C. § 406(b)(1)(A). Thus, Shull has failed to provide evidence that his request is in accordance with § 406.

Furthermore, Shull's requested fee is not "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. That is, Shull seeks $6,779.10 *in addition to* the $1,982.40 EAJA fee that he has already been awarded for 11.8 hours of work, which equates to an "effective rate" of $742.50 per hour. (*See* Pl.'s Supp. Mem. 10.) This type of benefit seemingly constitutes a windfall, as "the benefits are large in comparison to the amount of time [he] spent on the case." *Gisbrecht*, 535 U.S. at 807.

5

Consequently, Shull will be awarded a fee of $4,818.50, which is twenty-five percent of Wilcher's estimated back benefits, less $5,300, the maximum amount that Attorney Myers could have been awarded for representation at the administrative level, equating to a fee for Shull of $576.35 per hour. In that regard, Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $275.00 is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Jackson Aff. ¶ 8.) Considering that a contingent-fee involves a substantial risk of loss, we think a contingent-fee with an "effective rate" approximately twice that of a non-contingent-fee is not unreasonable.[7] *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

Moreover, this result is consistent with several prior decisions by this Court awarding Shull fees pursuant to § 406(b) that reflect similar hourly rates. *See Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour); *Elliott v. Astrue*, No. 1:05-cv-007, 2008 WL 4055832 (N.D. Ind. Aug. 28, 2008)

---

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argued in his supporting memorandum that his requested "effective rate" per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17.

(awarding a fee equating to $589.50 per hour); *Keck v. Comm'r of Soc. Sec.*, No. 1:04-cv-455 (N.D. Ind. Apr. 23, 2007) (awarding a fee equating to $546 per hour); *Brown v. Comm'r of Soc. Sec.*, No. 1:03-cv-160 (N.D. Ind. Jan. 19, 2007) (awarding a fee equating to $578 per hour).

Therefore, Shull's requested fee under § 406(b) will be authorized by this Court but will be reduced from $6,779.10 to $4,818.50, which incorporates an offset for the $1,982.40 of EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 28) is GRANTED, except that his requested fee of $6,779.10 is reduced to $4,818.50, which includes an offset for Shull's prior receipt of EAJA fees.

SO ORDERED.

Enter for this 20th day of July, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge